IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50993
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALEJANDRO CORDOVA-FLORES,
also known as Jesus Martinez-Flores,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-97-CR-341-ALL-DB
- - - - - - - - - -
June 17, 1998
Before DAVIS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Alejandro Cordova-Flores appeals his sentence following
his conviction for illegally reentering the United States after
previously being arrested and deported.  He argues that 8 U.S.C.
§ 1326(b) defines a separate criminal offense; therefore, in
order for him to be sentenced under that provision, the
Government must have alleged his prior felony conviction in the
indictment.

_____

[*] Pursuant to 5TH CIR. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. 47.5.4.

In <u>Almendarez-Torres v. United States</u>, 118 S. Ct. 1219, 1222, 1226 (1998), the Supreme Court concluded that § 1326(b) was not a separate criminal offense, but merely a penalty provision; therefore, "neither the statute nor the Constitution require the Government to charge . . . an earlier conviction [] in the indictment."  Because Cordova-Flores's argument is foreclosed by Supreme Court precedent, his conviction and sentence are AFFIRMED.

AFFIRMED.